**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN QUINN SINGLETON, | Case No. 1:26-cv-02018-SKO |
| Plaintiff, | FIRST SCREENING ORDER |
| v. | ORDER FOR PLAINTIFF TO: |
| | (1) FILE A FIRST AMENDED COMPLAINT; |
| MERIT SYSTEM PROTECTION BOARD, | |
| Defendant. | (2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT; OR |
| | (3) FILE A NOTICE OF VOLUNTARY DISMISSAL |
| | (Doc. 1) |
| | THIRTY-DAY DEADLINE |

On March 13, 2026, Plaintiff Steven Quinn Singleton, proceeding pro se and *in forma pauperis*, filed a civil action. (Doc. 1.)

Plaintiff's complaint is now before the Court for screening. Upon review, the Court concludes that the complaint fails to state any cognizable claims.

Plaintiff has the following options as to how to proceed. Plaintiff may file an amended complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a statement with the Court stating that he wants to stand on this complaint and have it reviewed by an assigned district judge, in which case the Court will issue findings and recommendations consistent with this

order.  Lastly, Plaintiff may file a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A).  If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

### I.    SCREENING REQUIREMENT AND STANDARD

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).  If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  A court is ordinarily limited to the main pages of the complaint in determining whether to dismiss a complaint.  *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  Thus, the plaintiff must allege a minimum factual and legal basis in their complaint for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest.  *See, e.g., Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court, however, need not accept the plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff brings this action against the "Merit System Protection Board"("MSPB").  (Doc. 1.)  Asserting that federal question is the basis of subject matter jurisdiction, Plaintiff cites "Title 18 U.S.C. Section 242, 371, 1001, 1343, 1519" as the federal statutes at issue in the case. Fundamentally, Plaintiff's claims seem to arise from his assertion that the MSPB mishandled his appeal of denial of federal employment as a "Homeland Defender."   (*Id.* at 4.)  Plaintiff's entire statement of the claim provides:

> Petitioner applied for a role titled "Homeland Defender" and his application was placed into a pool where it is not discarded but may be subject to inaction, delay, or poor execution, as has happened before when applying to Federal and State employment. After Petitioner's application was shuffled aside, he appealed to the MSPB. The first petition was deleted from e-filing system.  The second petition was altered to the point of appearing nonsensical.  In a similar fashion to the judicial action on the property at 1265 Tuckawanna Dr SW, Atlanta, GA 30311, he received two orders denying consideration of his filings.  With outcomes from an administrative judge, Petitioner submitted an emergency filing to the Court of Appeals for the Federal Circuit.  The filings were not sent to a judge.  They were sent to the MSPB, furthering conflict of interest.  The agency docketing ignored Petitioner's fee waiver filing and requested payment.  Further, the timelines for the filings docketed by the agency extend beyond the typical review period.  The MSPB conspired for systematic oppression.

(*Id*. at 4.)

As relief, Plaintiff requests that the Court (1) "exercise the Judicial power to review the filings submitted to the Court of Appeals for the Federal Circuit and administer a comprehensive framework of improvement to the federal agency operations, filing processes, and appropriate compensation for the loss of actual and projected income and for deprivation of rights"; and (2) review the MSPB's "complaint system" "for effectiveness and efficiency." (Doc. 1 at 4.)

## III.    DISCUSSION

For the reasons discussed below, the Court finds that the complaint does not state any

3

cognizable claims.  Plaintiff shall be provided with the legal standards that appear to apply to his claims and will be granted an opportunity to file an amended complaint to correct the identified deficiencies.

**A.    Rule 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id*.; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief.  He cites several provisions of Title 18 of the United States Code as the basis for jurisdiction, but he does not allege how the MSPB violated those statutes.  As currently pleaded, Plaintiff's complaint does not contain enough factual details to permit the Court to draw the reasonable inference that the named defendant is liable under federal law for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

In sum, Plaintiff's complaint fails to conform to the requirements of Rule 8.  Plaintiff must set forth factual allegations against Defendant sufficient to state a claim.  If Plaintiff elects to amend his complaint, he must separate each claim, state the legal basis for the claim, and identify how the facts alleged support and show that the defendant committed the violation asserted as the legal basis for the claim.  *See* Fed. R. Civ. P. 8(a).  The failure to do so shall result in dismissal of this action.

**B.    Legal Standards**

In the event Plaintiff amends his complaint, the Court provides the following legal standards that may be relevant to his action:

**1.    United States Code, Title 18**

A citizen does not have authority to bring criminal charges.  "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." *Clinton*

*v. Jones*, 520 U.S. 681, 718 (1997) (Breyer, J., concurring).  Here, Plaintiff purports to bring claims under 18 U.S.C. §§ 242 (violation of civil rights under color of law), 371 (conspiracy to commit offense or to defraud), 1001 (falsification of documents and making of false statements), 1343 (wire fraud), and 1519 (obstruction of justice).  (Doc. 1 at 3.)  These provisions, however, are all criminal statutes and thus provide no basis for civil liability.  *See* 18 U.S.C. §§ 242, 371, 1001, 1343, 1519; *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (Title 18 U.S.C. § 242 provides no basis for civil liability); *Davis v. Ramen*, No. 1:06-cv-01216-AWI-DLB (PC), 2008 WL 3970869, at *3 (E.D. Cal. Aug. 22, 2008) ("Nor does 18 U.S.C. § 371 contain a private right of action.") (citing *Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges*, 248 F. Supp. 2d 17 (D.D.C. 2003)); *Dowdell v. Sacramento Hous. & Redevelopment Agency*, No. 2:11-CV-00409 JAM, 2011 WL 837046, at *2 (E.D. Cal. Mar. 8, 2011) ("Because Section 1001 does not provide a private cause of action, plaintiff's claims premised on that criminal statute should be dismissed with prejudice."); *Hacker v. Hacker*, No. 1:15-cv-01258 JAM MJS, 2015 WL 8780561, at *3 (E.D. Cal. Dec. 15, 2015) ("[C]ourts have consistently found that mail and wire fraud statutes do not confer a private right of action."); *Crago v. Knacke*, No. 2:19-CV-02509 MCE AC, 2020 WL 3073771, at *4 (E.D. Cal. June 10, 2020) (Title 18 U.S.C. § 1519 does not provide a private right of action); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability).  As such, Plaintiff's citations to these criminal statutes cannot support claims for relief.

        2.      <u>Judicial Review of MSPB or Federal Circuit Decisions</u>

To the extent that Plaintiff seeks to appeal a decision of the MSPB that is not based on discrimination or whistleblower retaliation (as none is presently alleged here), the United States Court of Appeals for the Federal Circuit—not this Court—would have exclusive jurisdiction over Plaintiff's appeal.[1]  *Elgin v. Dep't of Treasury*, 567 U.S. 1, 6, 11–13 (2012) ("The Federal Circuit has 'exclusive jurisdiction' over appeals from a final decision of the MSPB.") (citing 28 U.S.C. §

---

[1] There are limited exceptions, however, when the employee files a "mixed case," *Kloeckner v. Solis*, 568 U.S. 41, 44–46 (2012) (defining a "mixed case," which must be filed in federal district court), or a whistleblower retaliation claim, 5 U.S.C. § 1221(a), (h) (Whistleblower Protection Act claims must be appealed to the MSPB, with right to seek judicial review from circuit courts of appeals).  As observed above, neither applies to Plaintiff's allegations as currently pleaded, but Plaintiff is granted leave to amend.

1295(a)(9)); *see also* 5 U.S.C. § 7703(b)(1)(A) (judicial review of an MSPB decision "shall be" in the Federal Circuit).  To the extent Plaintiff seeks "review" an action undertaken by the Federal Circuit, this Court has no "judicial power" to do so (*see* Doc. 1 at 4).  *See In re Sasson*, 424 F.3d 864, 871 (9th Cir. 2005) ("[F]ederal district courts are courts of original, not appellate, jurisdiction." (citing 28 U.S.C. §§ 1331, 1332)); *see also Peterson v. Brooks*, No. 07–2442, 2008 WL 4072700, at \*4 (E.D. Pa. Aug. 29, 2008) ("To the extent that petitioner seeks to reopen the judgment of the Third Circuit, the motion is denied.  This Court has no jurisdiction to review orders of the Court of Appeals.").

**C.      Leave to Amend**

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims.  Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires."  Accordingly, the Court will provide Plaintiff with time to file an amended complaint, so he can provide additional factual allegations and attempt to articulate cognizable claims over which this Court has jurisdiction.  *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

Plaintiff is granted leave to file an amended complaint within thirty days.  Plaintiff is cautioned that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," E.D. Cal. Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff has a choice on how to proceed.  Plaintiff may file an amended complaint if he believes that additional true factual allegations would state cognizable claims over which this Court has jurisdiction.  If Plaintiff files an amended complaint, the Court will screen that complaint in due

course.  Alternatively, Plaintiff may choose to stand on his complaint subject to the Court issuing findings and recommendations to the assigned district judge consistent with this order.  Lastly, Plaintiff may file a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A).

### IV.    ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.    Within thirty (30) days from the date of service of this order, Plaintiff shall either:

    a.    File an amended complaint;

    b.    Notify the Court in writing that he wants to stand on this original complaint; or

    c.    File a notice of voluntary dismissal.

2.    If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:26-cv-02018-SKO.

3.    Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:    **April 2, 2026**                          /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE